IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 2:06cr147-WKW |
| | ) | WO |
| TAVARES MABSON | ) | |

**ORDER ON MOTION**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on June 27, 2006. There is a rebuttable presumption of detention in this case because there is probable cause to believe that defendant committed a 10+ year drug offense or an offense in which a firearm was used or carried under 18 U.S.C. § 924(c).

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that defendant is charged in this case with conspiring to distribute cocaine and a very large quantity of marijuana. Defendant sold 7.1 grams of cocaine in a controlled purchase, and also attempted to discard an amount of marijuana and cocaine when he was arrested. Thirty-five pounds of "suspected" marijuana were found in the trunk of a car that a DEA agent testified was "linked to" defendant, at the house in which, according to his mother-in-law, defendant resides with her daughter (his common law wife) and his son. A pound of marijuana, some scales, and some packaging materials were found at the residence. Another 205 pounds of marijuana were found in a car that left this house just before defendant left the same address prior to being arrested. Defendant had about $1800 in cash with him when he was arrested, although he has represented to officers and to pre-trial services that he is unemployed. Defendant has five previous charges for drug

distribution (in 1996, 2001, and 2004), three of which resulted in convictions. His probation has been revoked twice – once in 2001 on his three 1996 drug convictions, and once in 2003 on a receiving stolen property conviction. He has made inconsistent statements about his residence. Weapons, including some that were loaded, were found in the residence described above.

Based on the foregoing, the court concludes that there are no conditions or combination of conditions which will protect the community and that the defendant should be detained. Therefore, it is

ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE, this 28th day of June, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE